804 F.2d 678
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Reginald POLK, Plaintiff-Appellant,
v.
NORTH CAROLINA DEPARTMENT OF CORRECTIONS; Sgt. Askew,
Defendants-Appellees.
 No. 86-6723.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 24, 1986.
Decided Oct. 31, 1986.
 
 Reginald Polk, appellant pro se.
 Jacob Leonard Safron, Office of the Attorney General of North Carolina, for appellees.
 E.D.N.C.
 AFFIRMED.
 Before RUSSELL, HALL, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Reginald Polk, a North Carolina inmate, appeals from the dismissal of his 42 U.S.C. Sec. 1983 complaint. Polk alleged that his constitutional rights were violated (1) when he was not provided medical attention for approximately two hours after he slipped and fell on a wet staircase at the prison; (2) when the examining medical personnel prescribed medication for his injuries, but refused to order an X-ray; and (3) when officers and nurses, in an unrelated event, forced him to take a tuberculin shot. The district court dismissed all of Polk's claims upon motion of defendants, and Polk appeals. We affirm.
 
 
 2
 We find that Polk's allegations arising out of his slip and fall set forth, at best, a negligence-based claim. Negligence of prison officials is not actionable under Sec. 1983. See Daniels v. Williams, ---- U.S. ----, 54 U.S.L.W. 4090 (Jan. 21, 1986). Furthermore, Polk's allegations do not amount to deliberate indifference to his medical needs. Estelle v. Gamble, 429 U.S. 97 (1976), and thus do not state an Eighth Amendment claim.
 
 
 3
 Likewise, Polk's claim regarding X-rays must fail. Differences concerning a course of treatment do not amount to a constitutional violation. Bowring v. Goodwin, 551 F.2d 44, 48 (4th Cir.1977).
 
 
 4
 Finally, Polk's claim regarding forced innoculation is meritless. The prison has an obligation to provide adequate medical care and to protect the physical well-being of all inmates. Estelle, supra. Innoculation from communicable disease clearly falls within the acceptable range of official action. See Sconiers v. Jarvis, 458 F.Supp. 37 (D.Kan.1978). See also Jacobson v. Massachusetts, 197 U.S. 11 (1905).
 
 
 5
 Accordingly, we affirm the judgment below. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 AFFIRMED.